UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDGAR ELEAZAR LOPEZ MENDEZ,

              Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1425

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.) In an order entered on May 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on May 6, 2026, (ECF No. 5.)

## II.    Factual Background

Petitioner is a native and citizen of Guatemala. (Notice to Appear (NTA), ECF No. 5-1, PageID.54.) Petitioner entered the United States in 2012 at an unknown location without inspection. (NTA, ECF No. 5-1, PageID.54); Op., *Lopez Mendez v. Raycraft* (*Lopez Mendez* I), No. 1:26-cv-497 (W.D. Mich. Apr. 6, 2026) (ECF No. 8). On January 7, 2025, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner was an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 5-1, PageID.54.) DHS subsequently lodged an additional charge against Petitioner, claiming that Petitioner was also inadmissible under INA § 212(a)(7)(A)(i)(I) "as an immigrant who, at the time of application for admission, [was] not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card or other valid entry document." (Form I-261, ECF No. 5-4, PageID.64.)

On July 15, 2025, the Cleveland Immigration Court considered Petitioner's request for a custody redetermination. (Jul. `5, 2025, Immigration Judge Order, ECF No. 5-3, PageID.62.) The Immigration Judge concluded that, under 8 U.S.C. 1225(b)(2)(A), the court lacked jurisdiction to grant bond. (*Id.*) Alternatively, though, the Immigration Judge also concluded that Petitioner would not be eligible for bond because he is a danger to the community, as evidenced by his two prior arrests—one for reckless driving and the other for domestic violence. (*Id.*)

By order entered August 15, 2025, the Immigration Judge found Petitioner to be removable, denied Petitioner's request for cancellation of removal, and granted Petitioner's

application for "post-conclusion" voluntary departure. (Aug. 15, 2025, Immigration Judge Order, ECF No. 5-5, PageID.66.) According to the order for voluntary departure, Petitioner had until October 14, 2025, to voluntarily depart. (*Id.*) Failure to do so would result in an automatic order of removal to Guatemala that would take effect immediately. (*Id.*). Petitioner did not depart by the date specified; instead, he appealed the Immigration Judge's order. Op., *Lopez Mendez I*, No. 1:26-cv-497 (W.D. Mich. Apr. 6, 2026) (ECF No. 8).

This is Petitioner's second § 2241 petition before this Court. *See Lopez Mendez I*, No. 1:26-cv-497. On February 12, 2026, Petitioner filed his first § 2241 petition in *Lopez Mendez I*. In *Lopez Mendez I*, the Court dismissed Petitioner's § 2241 petition without prejudice, finding that Petitioner received the bond hearing to which he claimed to be entitled and there was no evidence to suggest that Petitioner's detention violated the Constitution. Op., *id.* (W.D. Mich. Apr. 6, 2026) (ECF No. 8).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

As in Petitioner's prior § 2241 petition in *Lopez Mendez I*, Petitioner requests that this Court order a bond hearing pursuant to 8 U.S.C. § 1226(a). (Pet., ECF No. 1, PageID.7.) However, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Cleveland Immigration Court on

3

July 15, 2025. The Cleveland Immigration Court denied Petitioner's request for a bond, concluding that the court lacked jurisdiction to grant bond and, alternatively, that Petitioner would not be eligible for bond because he is a danger to the community due to his prior arrests.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's discretion, alleging a failure to consider alternatives to detention before denying bond. Pet., ECF No. 1, PageID.6.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.

Under these circumstances, as previously discussed in *Lopez Mendez I*, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    May 22, 2026                          /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge

5